No. 04-01-00129-CR


Maggie ZERTUCHE, 

Appellant


v.


The STATE of Texas,

Appellee


From the 227th Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CR-3560

Honorable Philip Kazen, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice 


Delivered and Filed: February 13, 2002

 

AFFIRMED



 Following the trial court's denial of the defendant's motion to suppress, the defendant pled
nolo contendere to possession of a controlled substance, and was placed on deferred adjudication for
three years. Defendant timely filed a notice of appeal that complied with Texas Rule of Appellate
Procedure 25.2(b)(3). In three issues on appeal, defendant challenges the trial court's denial of her
motion to suppress. We affirm.

 Four witnesses testified at the suppression hearing. Officers Flores and Mayhan were on
patrol at about 1:00 a.m. on March 19, 2000, when they observed a car, driven by the defendant with
a passenger, Maria Garcia, in the front seat. Both officers stated the right headlight was not lit. The
officers stopped the car, and Flores asked the defendant for her drivers' information. The defendant
replied she did not have a license or insurance, and Flores issued her a citation. Mayhan spoke to
Garcia, while she sat in the front passenger seat of the car. While standing outside the car, with the
car doors closed, Mayhan inspected the inside of the vehicle by shining his flashlight into the back
of the car. On the right, rear floorboard he saw a clear plastic baggie containing a substance he
recognized as narcotics. Mayhan gave the baggie to Flores, who conducted a field-test that revealed
the substance to be cocaine. Mayhan said the baggie was in an area of the car to which defendant
had access, although he admitted he did not see defendant move toward or away from the baggie.

 Both the defendant and Garcia were placed in the patrol car. Flores testified he took the
defendant into custody when he discovered she had municipal warrants outstanding against her.
While sitting in the police car, the defendant admitted the cocaine was hers. Flores testified
defendant admitted the cocaine belonged to her without any questioning on his part, but the
defendant testified she said the cocaine was hers because she did not want her car impounded and
she wanted Garcia released so she could look after the defendant's children.

 Manuel Alfaro, the defendant's private investigator, testified that when he looked at the car
in November 2000, the right headlight "looked real good" and the left headlight was cracked and the
light weak. He said both headlights were operational. Alfaro said nothing had been done to the car
since March 19, 2000, but he admitted he was not an expert on automobile repairs and he could not
be sure whether any repairs were done on the car. The defendant also said no changes had been
made to the headlights in the interim.

 In reviewing a trial court's denial of a motion to suppress, we must be deferential to the trial
court's determination of the historical facts supported by the record. Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997). We review a trial court's ruling on a motion to suppress for abuse
of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). Under this standard,
we view "the evidence in the light most favorable to the trial court's ruling," affording almost total
deference to findings of historical fact supported by the record. Guzman, 955 S.W.2d at 89.
However, when the resolution of the factual issues does not turn upon an evaluation of credibility
or demeanor, we review de novo the trial court's determination of the applicable law as well as its
application of the law to the facts. Id. 

 The defendant first complains that because both headlights were functional, she committed
no traffic violation; therefore, the warrantless stop violated her rights under both the United States
and Texas Constitutions and Texas Code of Criminal Procedure article 38.23. The defendant and
Alfaro testified the headlights were functional, the two officers testified they were not. The trial
judge was in the best position to assess the credibility of the contradictory testimony of the witnesses.
See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Affording proper deference to the
trial court, we hold that the officers lawfully detained defendant for a traffic violation.

 In her next three issues, defendant complains that the trial court erred in admitting into
evidence her statement that the cocaine was hers because the statement was not recorded and was
involuntary. Defendant contends she was in custody when she admitted to possession of the cocaine,
she was not given her Miranda warnings, and her statement was coerced because she was afraid
there would be no one to care for her children if the officers took both her and Garcia into custody.
 Flores testified she spontaneously admitted the cocaine was hers.

 Texas Code of Criminal Procedure article 38.22 ("When statements may be used") and
Miranda apply only to statements made as a result of custodial interrogation. Tex. Code Crim.
Proc. Ann. art. 38.22 §§ 3, 5 (Vernon 1979 & Supp. 2000); Lam v. State, 25 S.W.3d 233, 239 (Tex.
App.--San Antonio 2000, no pet.). They do not apply to voluntary statements resulting from a
non-custodial interrogation. Id. A custodial interrogation occurs when a person in custody is
subjected to direct questioning or its functional equivalent. Lam, 25 S.W.3d at 239. Again, we defer
to the trial court's assessment of the credibility of the witnesses. The trial court was entitled to
believe the statement was spontaneous and voluntary and, thus, not the product of a custodial
interrogation. Therefore, neither Article 38.22 nor Miranda requires its suppression.

 Finally, the defendant asserts the State did not meet its burden of proving she exercised care,
custody or control over the cocaine, or that she knew the substance was contraband. The State
asserts this contention was not brought to the trial court's attention; however, during the suppression
hearing, defense counsel specifically argued there was no affirmative link between the defendant and
the cocaine. Evidence that the defendant owned the car, was driving the car on the night the cocaine
was found in the car, and admitted the cocaine was hers provided sufficient affirmative links to the
cocaine to support conviction for possession.

 We hold the trial court did not abuse its discretion in denying defendant's motion to suppress;
therefore, we affirm the trial court's judgment. 

 Sandee Bryan Marion, Justice

DO NOT PUBLISH